UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>KIM C. KERRIGAN,<br><br>Debtor. | CASE NO. 2:25-cv-01451-JNW<br><br>Bankruptcy No. 24-12041<br><br>ORDER AFFIRMING BANKRUPTCY COURT ORDERS |
| KIM C. KERRIGAN,<br><br>Appellant,<br><br>v.<br><br>JASON WILSON-AGUILAR,<br><br>Appellee/Trustee. | |

Appellant Kim C. Kerrigan, appearing pro se, appeals two orders of the U.S. Bankruptcy Court for the Western District of Washington. Dkt. No. 1 at 4. The first denied Kerrigan's motion to vacate or modify the Bankruptcy Court's order confirming her Chapter 13 Plan. The second denied reconsideration of the first order. Before the Court are Kerrigan's opening brief, Dkt. No. 6, the response of Chapter 13 Trustee Jason Wilson-Aguilar, Dkt. No. 7, and Kerrigan's reply, Dkt. No. 8. Also before the Court is the Record on Appeal, Dkt. No. 5. Having considered

the record, the parties' arguments, and the relevant law, the Court AFFIRMS the Bankruptcy Court's orders for the reasons stated below.

## 1. BACKGROUND

Kerrigan filed her Chapter 13 Voluntary Petition in August 2024. Dkt. No. 7-1 at 7. Kerrigan retained counsel in late September 2024. *See id.* at 12. Four plans followed in all. Kerrigan's first amended plan told the Bankruptcy Court that she disputed the validity of the obligation secured by her home and that she intended to object to the creditor's claim and seek a determination of the debt's extent and validity. Bankr. Dkt. No. 125 at 29. The secured lender objected to that plan and to the one that followed. *Id.* at 29–30. It did not object to the Third Amended Chapter 13 Plan ("Plan"), which Chief Bankruptcy Judge Alston confirmed on December 6, 2024. *Id.* at 30–31; Dkt. No. 7-1 at 47. The Plan called for monthly payments to U.S. Bank Trust N.A., as trustee for VRMTG Asset Trust, which asserted a claim for $853,733.40 based on a mortgage loan secured by the real property at 8011 9th Ave. NW, Seattle, Washington 98117 ("Proof of Claim No. 2"). *Id.* at 41–46.

From there, the case grew complicated. In May 2025, Kerrigan's counsel withdrew. Bankr. Dkt. No. 70. Now representing herself, Kerrigan objected to Proof of Claim No. 2. Dkt. No. 7-1 at 96–119. Kerrigan also filed an "Amended Motion Under Fed. R. Civ. P. 60(B) to Vacate or Modify Order Confirming Plan." *Id.* at 69–88. Kerrigan argued, in relevant part, that U.S. Bank Trust N.A.'s claim has "no verified chain of title [to her home] from the original lender, Washington Mutal" and that the Plan "forces [her] to make large monthly [mortgage] payments based on an unproven and potentially void claim." *Id.* at 86. Judge Alston heard argument

and denied Kerrigan's motion on June 26, 2025. *Id.* at 129; *see also* Bankr. Dkt. No. 125 (hearing transcript).

The Bankruptcy Court ruled that, even though Kerrigan alleged fraud by the creditor, the creditor's conduct was beside the point. Kerrigan needed to, but did not, explain "how *she procured* the Order confirming the Plan through fraud." Bankr. Dkt. No. 125 at 33 (emphasis added). The Bankruptcy Court also noted that if Kerrigan wanted to modify but not vacate the Plan, she should have provided an alternative plan for review, which she failed to do. *Id.*

On July 11, 2025, Kerrigan moved for reconsideration of the Bankruptcy Court's order denying her motion to vacate or modify. Dkt. No. 7-1 at 132–170. The Bankruptcy Court denied that motion too, finding that Kerrigan showed "no new facts or law that could not have previously been brought before nor any manifest error made by the Court." Dkt. No. 7-1 at 171.

## 2. LEGAL STANDARD

District courts have jurisdiction to hear appeals from the bankruptcy judge's "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). "Because there is no statute that defines the term . . . 'final order,' it is not always clear whether a particular order is 'final' or 'interlocutory.'" 6 Collier Bankruptcy Practice Guide P 117.03 (2026). In general, "[o]rders denying relief on Rule 60(b) motions are . . . considered to be final and appealable." *In re Mason*, 709 F.2d 1313, 1315 (9th Cir. 1983) (citing J. Moore, B. Ward and J. Lucas, 9 Moore's Federal Practice para. 110.14[2] (2d ed. 1983)). But "the finality of [an order denying a Rule 60(b) motion] derives from the finality of the underlying judgment [or order] upon which such

relief is sought.'" *Id.* Here the underlying order was the Bankruptcy Court's Order Confirming the Chapter 13 Plan, which is final for purposes of appeal. *See In re Picht,* 428 B.R. 885, 888 (B.A.P. 10th Cir. 2010) ("An order confirming a Chapter 13 plan is a final appealable order.").

A district court reviews the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997); *In re Tucson Estates*, 912 F.2d 1162, 1166 (9th Cir. 1990). The denial of a motion for relief from judgment is reviewed for abuse of discretion. *In re Douglas J. Roger, M.D., Inc.*, 752 F. App'x 514, 515 (9th Cir. 2019). A court abuses its discretion when it applies the wrong legal rule, or when its application of the law is illogical, implausible, or without support in inferences that may be drawn from the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

## 3. DISCUSSION

### 3.1 Kerrigan's briefs are overlength, but the Court considers them still.

Kerrigan's opening brief spans 77 pages and often repeats the same argument. *See generally* Dkt. No. 6. It is also significantly overlength. By Kerrigan's own certificate, the brief contains "fewer than 12,631 words." *Id.* at 75. Local Civil Rule 88, which governs bankruptcy appeals in this district, caps an appellant's opening brief at 10,500 words. LCR 88(c)(2). *See also* Fed. R. Bankr. P. 8015(a)(7)(A) ("A principal [appellate] brief must not exceed 30 pages, or a reply brief 15 pages."). Her reply runs 48 pages and, again by her own certificate, contains "fewer than 8,405 words"—past the 7,000-word limit the same rule sets for replies. Dkt. No. 8 at

46; LCR 88(c)(2). The Court may refuse to consider any text exceeding the word limits, but given Kerrigan's pro se status, the Court has read both briefs in full. Even so, Kerrigan does not show that the Bankruptcy Court made reversible error in either denial order.

### 3.2 Kerrigan's appeal is not moot.

Before the merits, the Court takes up the Trustee's argument that this appeal is moot. Kerrigan received her Chapter 13 discharge in August 2025, and 11 U.S.C. § 1328(f)(2) bars another Chapter 13 discharge for two years. Having received the fresh start bankruptcy promises, the Trustee says, she has no remaining stake in the outcome. Dkt. No. 7 at 22 (citing *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *Loc. Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)).

Not so. As Kerrigan notes, a case is moot only when no effectual relief remains available. Dkt. No. 8 at 36–38 (citing *Chafin v. Chafin*, 568 U.S. 165 (2013), and *Carafas v. LaVallee*, 391 U.S. 234 (1968)). Section 1328(f)(2) governs her eligibility for a future discharge, but it says nothing about this Court's power to grant relief from the orders she appeals. If Kerrigan prevailed, the confirmation order would fall and the payments made under it would be open to question. The appeal is thus live.

### 3.3 The Bankruptcy Court did not err in denying Kerrigan's motion to vacate or modify the order confirming the Plan under Rule 60(b).

Kerrigan argues the Bankruptcy Court should have vacated its order confirming the Plan under Federal Rule of Civil Procedure 60(b). Rule 60(b) applies in bankruptcy cases through Federal Rule of Bankruptcy Procedure 9024. *In re*

*Valenti*, 310 B.R. 138, 147 (B.A.P. 9th Cir. 2004). Under Rule 9024, a complaint to revoke an order confirming a plan must be filed within 180 days. Fed. R. Bankr. P. 9024. Accordingly, "[o]n request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under [Chapter 13], and after notice and a hearing, the court may revoke such order if such order was procured by fraud." 11 U.S.C. § 1330(a). "[Section 1330(a)] provides no other basis for revoking a confirmation order." *In re Valenti*, 310 B.R. at 146. *See also In re Fesq,* 153 F.3d 113, 120 (3d Cir. 1998) ("[F]raud is the only ground for relief available for revocation of a Chapter 13 confirmation order."). Furthermore, to revoke a Chapter 13 plan, a party must commence an adversary proceeding. *See* Fed. R. Bankr. P. 7001(e) ("The following are adversary proceedings: . . . a proceeding to revoke an order confirming a plan in Chapter 11, 12, or 13 case[.]").

As the Bankruptcy Court points out, Kerrigan neither filed an adversary proceeding nor argued that she fraudulently procured the Plan. Because "Congress did not define 'procured by fraud' for purposes of revoking confirmation," bankruptcy courts require "that a plaintiff . . . prove the traditional common law elements of fraud." *In re Hoppel*, 203 B.R. 730, 734 (Bankr. D. Mont. 1997). Those elements include that "the debtor made a representation that was materially false" and that "'the misrepresentation was either known by the debtor to be false, or was made without belief in its truth[.]" *Id.* (quoting *In re Szostek*, 93 B.R. 399, 403 (Bankr. E.D. Pa. 1988), *rev'd on other grounds*, *In re Szostek*, 886 F.2d 1405 (3d Cir. 1989)). Pointing at her former counsel does not help. The Bankruptcy Court found that "while [Kerrigan] may disagree with [her] prior counsel's approach in this case,

[she has] not established that her attorney acted fraudulently in assisting the Debtor to obtain the Order Confirming the Plan." Bankr. Dkt. No. 125 at 33. On appeal Kerrigan simply makes the same arguments about the creditor's alleged fraud but fails to engage with the governing standard or identify any error by the Bankruptcy Court in applying the law and exercising its discretion.

### 3.4 The Bankruptcy Court did not abuse its discretion in denying reconsideration.

Local Civil Rule 7(h) "governs motions for reconsideration" in bankruptcy matters. Local Rules W.D. Wash. Bankr. 9013-1(h). "Motions for reconsideration are disfavored," LCR 7(h)(1), and "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Kerrigan says her motion for reconsideration presented "new evidence of IRS reporting fraud and Shellpoint's contradictory ownership admissions filed with the Washington Department of Financial Investigations." Dkt. No. 6 at 9. But the motion included no declaration and no attached evidence. *See* Dkt. No. 7-1 at 132–170. And even taken at full value, it's unclear how any of this alleged evidence would support revocation of the Plan—it focuses exclusively on the creditor's

conduct. The Bankruptcy Court applied the right legal rule, and its findings were not illogical, implausible, nor were they without support from the record. There was no abuse of discretion.

**3.5 Kerrigan was not denied due process.**

Kerrigan raises three due process arguments. None succeed. First, Kerrigan contends the Bankruptcy Court deprived her of the opportunity to be heard by "deferr[ing] the claim-objection hearing until after discharge while dismissing [her] arguments as 'already litigated.'" Dkt. No. 6 at 11. But Kerrigan set that schedule herself. She noted her amended motion to vacate for June 26, 2025, and her objection to Proof of Claim No. 2 for July 24, 2025. Kerrigan provides no authority requiring the Bankruptcy Court to hear her later-noted objection first.

The Bankruptcy Court explained at length its reasons for denying Kerrigan's motion to vacate. Because Kerrigan offered no alternative plan, the court found that she was not seeking a modified arrangement at all; she wanted to "litigate the claim of the secured creditor, something she has done in a prior bankruptcy unsuccessfully." Bankr. Dkt. No. 125 at 31. It's clear that the Bankruptcy Court was not persuaded by Kerrigan's attempt to relitigate the validity of U.S. Bank Trust N.A.'s claim as it was not relevant to whether the debtor procured the Plan by fraud. The fact that the Bankruptcy Court disagreed with Kerrigan's argument does not mean that it denied her due process.

Second, Kerrigan argues the Bankruptcy Court violated due process by confirming a Plan that contained an unlawful stay provision. Dkt. No. 6 at 11. But

Kerrigan proposed the Plan with that clause in it, so it couldn't have been implemented without notice and an opportunity to be heard. *See* Dkt. No. 7-1 at 46. The Bankruptcy Court merely gave Kerrigan the Plan she requested.

Third, Kerrigan argues the Bankruptcy Court acted without jurisdiction when it directed her to move to withdraw the reference to the bankruptcy court after she had already appealed to this Court. Dkt. No. 6 at 11–12. That order is not one of the two orders on appeal, so it falls outside the scope of this appeal. The argument would fail anyway, as a notice of appeal does not entirely divest the bankruptcy court of jurisdiction. Instead, an appeal "will typically divest a lower court of jurisdiction over those aspects of the cases involved in the appeal." *In re Ahmed*, 420 B.R. 518, 523 (Bankr. C.D. Cal. 2009) (citing *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007)) (cleaned up). "However, the bankruptcy court has full jurisdiction to proceed on all other aspects of the bankruptcy case." *Id.* Because the Notice of Appeal prevents the Bankruptcy Court only from entering orders that pertain to those on appeal, it does not bar orders about other topics.

**3.6 Kerrigan's other arguments are not relevant to her appeal.**

Throughout her brief, Kerrigan makes many other arguments. She asks the Court to add Lance Olsen and VRMTG Asset Trust as adverse parties to her appeal and alleges that Olsen violated a protective order under the Vulnerable Adult Protection Act and the Americans with Disabilities Act. Dkt. No. 6 at 6–7, 53–55. She also alleges that VRMTG Asset Trust and others violated federal and state

consumer protection statutes including the Fair Debt Collection Practices Act, the Washington Consumer Protection Act, and the Deed of Trust Act. *Id.* An appeal from orders about her Chapter 13 Plan is not the forum for claims against her creditors and their counsel. Those claims lie well beyond this Court's appellate review, as do her requests for restitution of the payments made under the Plan and for referral of evidence to disciplinary and prosecutorial authorities.

## 4. CONCLUSION

The Court AFFIRMS the Bankruptcy Court's orders denying Kerrigan's Motion to Vacate or Modify under Rule 60(b) and Motion for Reconsideration. Kerrigan's request to add Lance Olsen and VRMTG Asset Trust as parties or to amend the caption is DENIED. Her requests to vacate orders entered after her notice of appeal, for restitution of the payments made under the Plan, for referral of evidence to disciplinary and prosecutorial authorities, and to remand for further proceedings are DENIED.

The Clerk is directed to enter judgment and close this case.

Dated this 17th day of August, 2026.

Jamal N. Whitehead
United States District Judge